UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND REECE,

        Petitioner,

                                                          CASE NO. 25-CV-10221
v.                                              HONORABLE SEAN F. COX

FREDEANE ARTIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.  INTRODUCTION**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Raymond Reece ("Petitioner"), currently confined at the Thumb Correctional Facility in Lapeer, Michigan, challenges his 2022 Kent County Circuit Court convictions for first-degree criminal sexual conduct and second-degree criminal sexual conduct for which he was sentenced to concurrent terms of 33 to 60 years in prison. In his habeas petition, he raises two claims. The first concerns the admission of certain evidence at trial that he sought to exclude. The second concerns newly-discovered evidence and his actual innocence. ECF No. 1.

Having reviewed the matter and for the reasons set forth, the Court concludes that Petitioner has not properly exhausted state court remedies as to all of his habeas claims and that a stay of the proceedings is unwarranted. Accordingly, the Court shall dismiss without prejudice the habeas petition. The Court shall also deny a certificate of appealability and deny leave to proceed in forma pauperis on appeal.

## II.  PROCEDURAL HISTORY

Petitioner was convicted of one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct following a jury trial in the Kent County Circuit Court. The trial court sentenced him, as a fourth habitual offender, to concurrent terms of 33 to 60 years in prison on July 12, 2022.  Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the trial court erred in denying his motions to exclude certain evidence.  The court denied relief and affirmed his convictions.  *People v. Reece*, No. 363302, 2023 WL 8663662, *1 (Mich. Ct. App. Dec. 14, 2023).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied on May 10, 2024.  *People v. Reece*, 513 Mich. 1093, 5 N.W.3d 351 (2024).

On September 6, 2024, Petitioner dated an initial federal habeas petition raising the same evidentiary claim presented on direct appeal, as well as a motion to stay the proceedings so that he could return to the state courts to pursue a claim of newly-discovered evidence and actual innocence.  The Court denied the motion to stay finding that Petitioner had sufficient time within the applicable one-year statute of limitations to pursue his unexhausted claim in the state courts and return to federal court on an amended petition should he wish to do so.  In response, Petitioner moved to voluntarily dismiss his habeas petition.  The Court granted that motion and dismissed the habeas petition without prejudice on October 1, 2024.  *See Reece v. Artis*, No. 24-cv-12372 (E.D. Mich.) (Lawson, J.).

State court records indicate that Petitioner then filed motions to obtain documents and transcripts with the state trial court, but that he has not yet filed a motion for relief from judgment with that court.  *See* Register of Actions, *People v. Reece*, No. 21-11322-FC (Kent Co. Cir Ct.),

https://www.accesskent.com/CNSearch/searchROA.action?caseID=1804744&criminal=true.

Petitioner dated the instant federal habeas petition on January 16, 2025. In his habeas petition, he raises his exhausted evidentiary claim and his unexhausted newly-discovered evidence/actual innocence claim.

### III. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to the state courts. The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). First presenting a claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Hickey v. Hoffner*, 701 F. App'x 422, 425 (6th Cir. 2017). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to meet his burden of demonstrating exhaustion of state court remedies. In fact, he admits that he has presented his newly-discovered evidence and actual innocence claims to the state courts. ECF No. 1. Petitioner has thus failed to fully exhaust all of his habeas claims in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a federal habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-135 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the

Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 raising his unexhausted claims before the state trial court and then pursue those claims in the state appellate courts as necessary. While Petitioner seems to indicate that he has filed a motion for relief from judgment in the state trial court, the Court's review of state court records reveal no such filing. Nonetheless, even if he has done so, his unexhausted claim concerns newly-discovered evidence/actual innocence, which may allow him to proceed on a second motion for relief from judgment in state court. *See* Mich. Ct. R. 6.502(G)(2); *see also Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005).

Moreover, a stay of the proceedings is unwarranted. First and foremost, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues state court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of his direct appeal, *see Lawrence*

5

*v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about August 8, 2024.  The one-year period then ran until September 6, 2024 when Petitioner dated his first federal habeas petition and was tolled until October 1, 2024, when the Court dismissed that petition.  The one-year period resumed running the next day and ran until January 16, 2025 when Petitioner dated the instant habeas petition.  While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by the Court.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-1089 (E.D. Mich. 2004).  Consequently, just over four months of the one-year period had run when he instituted this action.

The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).  Given that more than seven months of the one-year period remains, Petitioner has ample time in which to fully exhaust all of his habeas claims in the state courts and then return to federal court on a perfected petition should he wish to do so.  A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, Petitioner fails to establish good cause for not exhausting all of his claims in the state courts before seeking federal habeas review.  The fact that defense counsel did not raise the unexhausted claims at trial or on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust all of his claims on state collateral review before proceeding in federal court. The lack of a legal education and ignorance of the law do not constitute good cause for the failure

6

to exhaust state remedies. *See, e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Kint v. Burt*, No. 2:05-CV-74822-DT, 2007 WL 763174, *2 n.1 (E.D. Mich. March 9, 2007). While Petitioner asserts that he has had difficulty obtaining certain documents or records, he must still attempt to obtain any evidence that he needs to support his claims and to exhaust his unexhausted claim in the state courts (with or without those records) before seeking federal habeas review.

Lastly, Petitioner's unexhausted claim appears to concern a matter of federal law and may not be plainly meritless. His unexhausted claim should thus be presented to, and addressed by, the state courts in the first instance. Otherwise, the Court cannot apply the standard of 28 U.S.C. § 2254.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Petitioner has filed a "mixed habeas petition" containing both exhausted and unexhausted claims, that he has available state court remedies by which to exhaust his unexhausted claim, and that a stay of the proceedings is unwarranted. Accordingly, the Court dismisses without prejudice the habeas petition. Should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claim, he may move to re-open this case and amend his habeas petition to proceed only on the properly exhausted claim within 30 days of the filing date of this order. The Court makes no determination as to the merits of his habeas claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds without addressing the

merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**


February 6, 2025                                                         s/Sean F. Cox
                                                                          Sean F. Cox
                                                                          U. S. District Judge

8