UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND REECE,

       Petitioner,

                                      CASE NO. 25-CV-10221
v.                                      HONORABLE F. KAY BEHM

FREDEANE ARTIS,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE

### I. INTRODUCTION

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Raymond Reece ("Petitioner"), confined at the Thumb Correctional Facility in Lapeer, Michigan, challenges his 2022 Kent County Circuit Court convictions for first-degree criminal sexual conduct and second-degree criminal sexual conduct for which he was sentenced to concurrent terms of 33 to 60 years in prison. In his habeas petition, as amended, he raises a claim concerning the admission of certain evidence at trial. ECF No. 6. The matter is now before the Court on Petitioner's motion for stay and abeyance in which he seeks to stay the proceedings and hold his current habeas petition in abeyance so that he can return to the state courts to exhaust additional issues concerning the

effectiveness of counsel.   ECF No. 13.

## II.   PROCEDURAL HISTORY

Petitioner was convicted of one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct following a jury trial in the Kent County Circuit Court.   The trial court sentenced him, as a fourth habitual offender, to concurrent terms of 33 to 60 years in prison on July 12, 2022. Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the trial court erred in denying his motions to exclude certain evidence.   The court denied relief on those claims and affirmed his convictions.   *People v. Reece*, No. 363302, 2023 WL 8663662, *1 (Mich. Ct. App. Dec. 14, 2023).   Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied.   *People v. Reece*, 513 Mich. 1093, 5 N.W.3d 351 (May 10, 2024).

Petitioner filed an initial federal habeas petition (dated September 6, 2024) raising the same evidentiary claim(s) presented on direct appeal, as well as a motion to stay the proceedings so that he could return to the state courts to pursue a claim of newly-discovered evidence/actual innocence.   The Court denied the motion to stay finding that Petitioner had sufficient time within the applicable one-year statute of limitations to pursue his unexhausted claim in the state courts and return to federal court on an amended petition should he wish to do so.   In response, Petitioner moved to voluntarily dismiss his habeas petition.   The Court

granted that motion and dismissed the habeas petition without prejudice on October 1, 2024.  *See Reece v. Artis*, No. 24-cv-12372 (E.D. Mich.) (Lawson, J.).

Petitioner subsequently filed motions to obtain documents and transcripts with the state trial court, but did not file a motion for relief from judgment.  *See* Register of Actions, *People v. Reece*, No. 21-11322-FC (Kent Co. Cir Ct.), https://www.accesskent.com/CNSearch/searchROA.action?caseID=1804744&criminal=true.

Petitioner then returned to this Court and filed a second federal habeas petition (dated January 24, 2025) raising his exhausted evidentiary claim and his unexhausted newly-discovered evidence/actual innocence claim.  The Court dismissed that petition without prejudice finding that Petitioner had not exhausted his second claim in the state courts.  The order provided that Petitioner could move to reopen the case to proceed on an amended petition containing only his exhausted claim.  ECF Nos. 3, 4.  In response, Petitioner moved to reinstate his case and proceed on an amended petition containing only his exhausted claim.  ECF Nos. 5, 6.  The Court granted that motion and reopened the case to allow Petitioner to proceed on his amended habeas petition.  ECF No. 7.  Respondent filed an answer to the amended habeas petition contending that it should be denied because the claim is not cognizable in part, is unexhausted or procedurally defaulted in part, and lacks merit.  ECF No. 10.  Petitioner filed a reply to that

answer, as well as the instant motion for stay and abeyance. ECF Nos. 12, 13.

## III. ANALYSIS

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277. In *Rhines*, the United States Supreme Court adopted the stay and abeyance procedure to specifically address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. *Id*. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an

4

amended petition.  *See Moss v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2-3 (E.D. Mich. Oct. 16, 2007).

A stay of the proceedings not warranted in this case.  First, the evidentiary claim contained in the pending habeas petition, as amended, is exhausted. Second, the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), has already expired as to Petitioner's proposed ineffective assistance of counsel claim.  The one-year period began to run 90 days after the conclusion of Petitioner's direct appeal, *see Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); S. Ct. R. 13, on or about August 8, 2024.  Consequently, Petitioner was required to file his federal habeas petition by August 8, 2025, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed both his initial and amended federal habeas petitions within that time frame.  The exhausted evidentiary claim raised in his amended habeas petition is therefore timely.

Petitioner, however, did not identify nor present to the Court his proposed ineffective assistance of counsel claim until November 4, 2025 when he dated his reply and motion for stay and abeyance.  Because Petitioner raised this new,

5

additional claim before this Court well after the one-year statute of limitations period has expired, it is timely only if it relates back to the evidentiary claim that Petitioner raises in his timely-filed pending habeas petition. *See Mayle v. Felix*, 545 U.S. 644, 650, 655 (2005). It does not.

To relate back, "the claims in the original and amended petitions must be 'tied to a common core of operative facts.'" *Pinchon v. Myers*, 615 F.3d 631, 642 (6th Cir. 2010) (quoting *Mayle*, 545 U.S. at 664). An amended habeas petition "does not relate back where it asserts a new ground for relief supported by facts that differ from those in the original petition." *Id*. Here, Petitioner seeks to raise and exhaust an entirely new claim of ineffective assistance of counsel which is supported by different facts than those relevant to the evidentiary claim contained in his pending habeas petition. Because the proposed ineffective assistance of counsel claim does not arise from the same "common core of operative facts" as the claim raised in the pending habeas petition, it does not relate back and is untimely.

Petitioner neither alleges nor establishes that the ineffective assistance of trial counsel claim is based upon newly discovered evidence or newly enacted, retroactively applicable law, nor does he allege that the State created an impediment to the filing of that claim. His ineffective assistance of trial counsel claim is thus

6

untimely.

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-784 (6th Cir. 2010). A petitioner has the burden of demonstrating entitlement to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). The doctrine of equitable tolling is applied "sparingly." *Watkins*, 854 F.3d at 851; *see also National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Petitioner makes no such showing. The fact that he may have a limited education, is untrained in the law, is (or was) proceeding without a lawyer, and/or may have been unaware of the statute of limitations for a period of time does not

7

warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling).

Petitioner also fails to demonstrate that he acted diligently to protect his rights given that his state direct appeals concluded in August, 2024, but he did not move to stay the proceedings to exhaust his ineffective assistance of counsel claim until November, 2025. Petitioner offers no justifiable explanation for such an extended delay in seeking federal habeas review on his ineffective assistance of counsel claim. To be sure, the facts underlying this claim were available at the time of trial, direct appeal, and when he filed his initial and amended habeas petitions. Given such circumstances, he is not entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Souter v. Jones*, 395 F.3d 577, 588-590 (6th Cir. 2005). To

8

support a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-539 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with such authority, the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. He presents no new reliable evidence of his actual, factual innocence. His assertion that his habeas claim(s) have merit does not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). His own self-serving, conclusory assertions of innocence are also insufficient to support an actual innocence claim. A "reasonable juror [or fact-finder] surely could discount [a petitioner's] own

9

testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing cases). Petitioner is not entitled to equitable tolling of the one-year period. His proposed ineffective assistance of counsel claim is untimely. A stay is unwarranted for an untimely claim.

Additionally, while Petitioner's unexhausted ineffective assistance of counsel claim concerns a matter of federal law and may not be plainly meritless, he fails to explain his extended delay in seeking to raise the claim in the state courts or on federal habeas review. As noted, the facts supporting this claim were available at the time of his trial, his direct appeal, and his initial habeas filings. Petitioner was also previously given opportunities to return to the state courts to exhaust additional claims, but instead ultimately chose to proceed on an amended petition containing only his exhausted claim.

Petitioner fails to establish good cause for not exhausting his proposed ineffective assistance of counsel claim in the state courts before seeking federal habeas review. The fact that appellate counsel did not raise the claim on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust his ineffective assistance of counsel claim on state collateral review before proceeding in federal court. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to

10

exhaust state remedies.  *See, e.g., Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).  Similarly, reliance on a legal writer or mistakes by a legal writer do not constitute cause for a procedural error.  *See, e.g., Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002); *Henderson v. Cohn*, 919 F.2d 1270, 1272-1273 (7th Cir. 1990); *Johnson v. Horton*, No. 13-13080, 2021 WL 2413337, *10 (E.D. Mich. June 14, 2021); *Jones v. Brewer*, No. 19-13731, 2020 WL 1188881, *3 (E.D. Mich. Mar. 12, 2020).  Given such circumstances, a stay is unwarranted.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that a stay of the proceedings is unwarranted in this case.  Accordingly, the Court **DENIES** Petitioner's motion for stay and abeyance.  Should Petitioner wish to pursue an ineffective assistance of counsel claim (or any other unexhausted claim) in the state courts, he may move to dismiss this case without prejudice within 30 days of the filing date of this order.  If he does not do so, the Court shall proceed to review the pending amended habeas petition.

**SO ORDERED**.

Dated:  November 17, 2025                    s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge