UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND SHAWN-PAUL REECE,

        Petitioner,

                                              CASE NO. 25-CV-10221
v.                                        HONORABLE F. KAY BEHM

FREDEANE ARTIS,

        Respondent.

_____/

**OPINION & ORDER DENYING THE AMENDED HABEAS PETITION,
DENYING A CERTIFICATE OF APPEALABILITY, &
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    Introduction

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.

Michigan prisoner Raymond Shawn-Paul Reece ("Petitioner"), confined at the

Thumb Correctional Facility in Lapeer, Michigan, challenges his 2022 Kent

County Circuit Court convictions for first-degree criminal sexual conduct and

second-degree criminal sexual conduct for which he was sentenced to concurrent

terms of 33 to 60 years in prison. In his habeas petition, as amended, he raises a

claim concerning the admission of certain evidence at trial. ECF No. 6. For the

reasons set forth, the Court denies the amended habeas petition, denies a certificate

of appealability, and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from his sexual assault of his live-in girlfriend's daughter, DW, when she was seven years old. The Michigan Court of Appeals described the relevant facts, which are presumed correct on federal habeas review, *see* 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> This case arises out of allegations that defendant sexually abused the victim, DW, in 2010 or 2011, when she was seven years old. Defendant was in a relationship with the DW's mother for approximately 16 years. DW disclosed the abuse to her mother in January 2021. Her mother confronted defendant, who was in jail at the time. She did not contact law enforcement. In September 2021, DW wrote an essay for school in which she stated that defendant sexually assaulted her. Her teacher contacted law enforcement.

*People v. Reece*, No. 363302, 2023 WL 8663662, *1 (Mich. Ct. App. Dec. 14, 2023). At the close of trial, the jury convicted Petitioner of one count of first-degree criminal sexual conduct and one count of second-degree criminal conduct. The trial court subsequently sentenced him, as a fourth habitual offender, to concurrent terms of 33 to 60 years in prison.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising evidentiary claims. Specifically, he asserted that the trial court abused its discretion by admitting evidence of: (1) his prior sexual relationship with a 15- or 16-year-old girl, (2) his prior acts of domestic violence against the victim's mother, and (3) a school essay written by

2

the victim disclosing the sexual abuse. He also asserted that the trial court erred by not ruling on the admissibility of the victim's medical records. Lastly, he asserted that the cumulative effect of the errors denied him a fair trial. The Michigan Court of Appeals denied relief on those claims and affirmed his convictions. *People v. Reece*, No. 363302, 2023 WL 8663662, *1 (Mich. Ct. App. Dec. 14, 2023). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Reece*, 513 Mich. 1093, 5 N.W.3d 351 (May 10, 2024).

Petitioner filed an initial federal habeas petition (dated September 6, 2024) raising the same evidentiary claims presented on direct appeal, as well as a motion to stay the proceedings so that he could return to the state courts to pursue a claim of newly discovered evidence/actual innocence. The Court denied the motion to stay finding that Petitioner had sufficient time within the applicable one-year statute of limitations to pursue his unexhausted claim in the state courts and return to federal court on an amended petition should he wish to do so. In response, Petitioner moved to voluntarily dismiss his habeas petition. The Court granted that motion and dismissed the habeas petition without prejudice on October 1, 2024. *See Reece v. Artis*, No. 24-cv-12372 (E.D. Mich.) (Lawson, J.).

Petitioner subsequently filed motions to obtain documents and transcripts with the state trial court, but he did not file a motion for relief from judgment. *See*

Register of Actions, *People v. Reece*, No. 21-11322-FC (Kent Co. Cir. Ct.),

https://www.accesskent.com/CNSearch/searchROA.action?caseID=1804744&criminal=true.

Petitioner then returned to this Court and filed a second federal habeas petition (dated January 16, 2025) raising his evidentiary claims and his newly discovered evidence/actual innocence claim. The Court dismissed that petition without prejudice finding that Petitioner had not exhausted his newly discovered evidence/actual innocence claim in the state courts. The order provided that Petitioner could move to reopen the case to proceed on an amended petition containing only his exhausted evidentiary claims. ECF Nos. 3, 4. In response, Petitioner moved to reinstate his case and proceed on an amended petition containing only his exhausted claims. ECF Nos. 5, 6. The Court granted that motion and reopened the case to allow Petitioner to proceed on his amended habeas petition. ECF No. 7. Respondent filed an answer to the amended habeas petition contending that it should be denied on procedural and substantive grounds. ECF No. 10. Petitioner filed a reply to that answer, ECF No. 12, as well as motions for counsel and for stay and abeyance. ECF Nos. 13, 14. The Court denied those motions. ECF Nos 15, 16.

### III.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state convictions and sentences. The AEDPA provides, in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1)

permits a federal habeas court to grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. To find a state court's application of Supreme Court precedent unreasonable, the state court's decision "must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-521 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's ruling that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*.

Thus, to obtain federal habeas relief, a state prisoner must show that the state court's denial of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.; *see also White v. Woodall*, 572 U.S. 415, 419-420 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A petitioner cannot prevail so long as it is within the "realm of possibility" that fairminded jurists could find the state court decision reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Section 2254(d)(1) limits a federal habeas court's review to determining whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases indeed, it does not even require

*awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of clearly established law are determined solely by Supreme Court precedent. Circuit precedent "does not constitute 'clearly established federal law as determined by the Supreme Court'" and cannot provide a basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). Lower federal court decisions, however, may be useful in assessing the reasonableness of a state court's ruling. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court" that decided the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.    Analysis

### A.    Admission of Evidence Claims

In his habeas petition, as amended, Petitioner asserts that he is entitled to habeas relief because "the trial court abused its discretion or made an error of law in denying a defense motion to exclude evidence" and refers to his state direct appeal. Respondent contends that these claims are not cognizable (as state law issues), that they are unexhausted (because they were not presented to the state courts as federal issues), and that they lack merit.

Alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). "Trial court errors in state procedure or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69-70); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) (citing *Bey v. Bagley*, 500 F.3d 514, 519-520 (6th Cir. 2007)); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Petitioner first asserts that the trial court erred by admitting evidence of his prior sexual relationship with a teenage girl, CH. The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court explained:

> Defendant first challenges the admission of testimony concerning a sexual relationship that he had with CH when she was 15 or 16 years old. We conclude that the trial court did not abuse its discretion by allowing this testimony.
>
> The trial court concluded that CH's testimony was admissible under MCL 768.27a. MCL 768.27a provides an exception to the general prohibition against propensity evidence. For instance, MRE 404(b) allows evidence of other crimes for nonpropensity purposes, such as to show "motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident ...." On the other hand, in pertinent part, MCL 768.27a(1) provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. In other words, "[b]ecause a defendant's propensity to commit a crime makes it more probable that he committed the charged offense, MCL 768.27a permits the admission of evidence that MRE 404(b) precludes." *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012). However, "evidence admissible pursuant to MCL 768.27a may nonetheless be excluded under MRE 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id*. at 481 (quotation marks and citation omitted).
>
> In this case, CH testified that she had a "consensual" sexual relationship with defendant when she was 15 or 16 years old. She further testified that there was one instance in which defendant had

10

sex with her on the couch after she told him no. Defendant having sex with a 15-year-old child would be a "listed offense" under MCL 768.27a(2)(a) regardless of whether the relationship was consensual. *See* MCL 28.722(v)(iv); MCL 750.520d(1)(a) (stating that a person is guilty of third-degree criminal sexual conduct if the person engages in sexual penetration with a person who is at least 13 years old but under 16 years old). Moreover, the incident in which CH described defendant sexually penetrating her on the couch against her will would be a listed offense regardless of her age. *See* MCL 750.520d(1)(b) (stating that a person is guilty of third-degree criminal sexual conduct if the person engages in sexual penetration with another person and force or coercion is used to accomplish the sexual penetration). As a result, instances of sexual conduct involving 15-year-old CH and the nonconsensual act would constitute listed offenses subject to MCL 768.27a.[1]

Evidence concerning defendant's sexual relationship with CH was relevant to defendant's propensity to have sexual relationships with young girls. There was no corroborating evidence in this case. DW disclosed the sexual assaults approximately 10 years after the assaults occurred. There were no witnesses to the assaults, nor was there physical evidence related to the assaults. Therefore, evidence that defendant had a previous sexual relationship with a minor, which included nonconsensual sexual penetration, was relevant because it tended to make DW's uncorroborated testimony more likely.[2]

We do not believe that CH's testimony was overly prejudicial. "[W]hen applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. "That is, other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id*. The Michigan Supreme Court provided the following factors to consider whether other-acts evidence admissible under MCL 768.27a should be excluded under MRE 403:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other

acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488 (citation omitted).]

"This list of considerations is meant to be illustrative rather than exhaustive." *Id*. at 488.

In this case, the trial court did not expressly address each of the *Watkins* factors in its ruling that CH's testimony was admissible.[3] Rather, the trial court focused on the similarities between the other acts and the instant charges. According to the trial court, a grown man having intercourse with a seven-year-old child was an incredibility [sic] violent act, while CH reported that defendant sexually penetrated her vagina after she told him no several times. She did not tell anyone about the incident because she was afraid. As a result, the court opined that both acts concerned violence against a child involving threatening behavior.

Although the other acts and the charged conduct in this case involved nonconsensual sexual acts with young girls, there were several differences between the two situations. CH was 15 or 16 years old at the time of her interactions with defendant. She testified that—aside from the one instance—her sexual relationship with defendant was consensual. However, she also testified that she felt obligated to have sex with defendant and that she felt that something bad would happen if she did not. Yet, she denied that he ever threatened her. CH was a friend who played cards and hung out with defendant and DW's mother. CH stated that the sexual relationship lasted for over a year. She said that DW was three or four years old at the time. She ended the relationship because she felt guilty and stopped having contact with either DW's mother or defendant. She did not disclose the relationship because she did not think that anyone would believe her.

On the other hand, DW alleged that defendant sexually assaulted her when she was seven years old, which would have been three or four years after defendant's relationship with CH. Defendant acted as a stepfather to DW, although it does not appear that he and DW's mother ever married. The assaults occurred when DW's mother was at

12

work. The assaults stopped when defendant was incarcerated when DW was eight or nine years old. He later moved back in with the family, but there were no more assaults. DW's mother's work hours had changed. DW did not disclose the abuse because defendant threatened to hurt her family members.

Ultimately, even though there were dissimilarities between the other-acts involving CH and the charged offenses, we do not believe that the trial court abused its discretion by deciding that the probative value of the other-acts evidence was not substantially outweighed by its prejudicial effect. Unfair prejudice may exist when "there is a tendency that the evidence will be given undue or preemptive weight by the jury" or when "it would be inequitable to allow use of the evidence." *People v Cowhy*, 330 Mich App 452, 468; 948 NW2d 632 (2019) (quotation marks and citation omitted). Although CH's testimony was damaging to defendant's case, it ultimately bears on DW's credibility. Accordingly, defendant has not established that this evidence should have been excluded under MRE 403.[4]

[1] MCL 768.27a(1) provides, in pertinent part, that "evidence that the defendant committed another listed offense against a minor is admissible ...." MCL 768.27a(2)(b) defines "minor" as "an individual less than 18 years of age." Although 16-year-old CH would have technically been a "minor," the consensual sexual relationship would not have constituted a "listed offense." *See* MCL 28.722.

[2] Pursuant to MCL 750.520h, "[t]he testimony of a victim need not be corroborated in prosecutions under" MCL 750.520b through MCL 750.520g, which relate to charges of criminal sexual conduct.

[3] "The list of considerations in *Watkins* provides a tool to facilitate, not a standard to supplant, this proper MRE 403 analysis, and it remains the court's responsibility to carry out such an analysis in determining whether to exclude MCL 768.27a evidence under that rule." *People v Uribe*, 499 Mich 921, 922 (2016) (quotation marks and citation omitted). Although *Uribe* is a Michigan Supreme Court order, such orders constitute binding precedent if the decision includes an understandable rationale. *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

[4] We will address the jury instructions concerning the other-acts evidence in the next section.

*Reece*, 2023 WL 8663662 at *1-3 (footnotes in original).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner alleges a violation of Michigan evidentiary rules, he is not entitled to federal habeas relief. A federal court may only grant habeas relief to a person who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Trial court errors in the application of state procedure or evidentiary law are not cognizable as grounds for federal habeas relief. *Estelle*, 502 U.S. at 67-68. State courts are the final arbiters of state law, and federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Petitioner thus fails to state a claim upon which habeas relief may be granted as to any perceived state law evidentiary error.

Second, Petitioner fails to establish a due process violation. As to the admission of other acts evidence, the Supreme Court has declined to hold that similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *Dowling v. United States*, 493 U.S. 342, 352-353 (1990). Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in

14

the form of other bad acts evidence." *Bugh*, 329 F.3d at 512. Consequently, there is no Supreme Court precedent that the state court decision can be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id.* at 513; *Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

Moreover, Petitioner fails to show that the admission of the evidence rendered his trial fundamentally unfair. The evidence of his sexual conduct with CH was properly admitted evidence under Michigan law to show that he had a propensity to engage in sexual conduct with minor girls, including non-consensual sexual penetration, and was relevant to corroborate the victim's testimony. Petitioner has the opportunity to challenge the relevance and materiality of CH's testimony. Petitioner fails to show that the admission of the evidence was erroneous or, more importantly for purposes of habeas review, that it rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

Petitioner next asserts that the trial court erred by admitting his prior acts of domestic violence involving the victim's mother. The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court explained:

> Next, defendant asserts that the trial court erred by allowing testimony concerning domestic violence that he allegedly perpetrated against DW's mother. We disagree that the court erred.

15

The trial court allowed testimony concerning domestic violence as other-acts evidence not offered to prove character under MRE 404(b). According to MRE 404(b)(1),

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In *People v Vandervliet*, 444 Mich 52, 74; 508 NW2d 114 (1993), the Michigan Supreme Court articulated the following requirements for other-acts evidence to be admitted pursuant to MRE 404(b): (1) the evidence must be offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted. "Relevance is a relationship between the evidence and a material fact at issue that must be demonstrated by reasonable inferences that make a material fact at issue more probable or less probable than it would be without the evidence." *People v Crawford*, 458 Mich 367, 387; 582 NW2d 785 (1998). "Materiality is the requirement that the other-acts evidence be related to any fact that is of consequence to the action." *People v Denson*, 500 Mich 385, 401; 902 NW2d 306 (2017) (quotation marks and citation omitted).

The evidence related to domestic violence was not presented to prove that, because defendant was physically violent toward DW's mother, he must have sexually assaulted seven-year-old DW. Instead, testimony concerning domestic violence provided background information for the family dynamic and timeline. DW explained that life in the home was hectic because of fighting between defendant and her mother, which included physical abuse. She further stated that she did not disclose the abuse because defendant threatened that he would

16

hurt her mother, her biological father, or her siblings. DW believed his threats because she witnessed defendant physically abuse her mother. DW testified that the abuse stopped after defendant was incarcerated, presumably as a result of a domestic-violence incident involving DW's mother. Defendant and DW's mother later reconciled after he was released and he moved back in with the family. The abuse did not continue. The testimony also indicated that DW later moved in with her father because of domestic-violence issues. Moreover, evidence at trial showed that DW's mother confronted defendant after DW disclosed the abuse in January 2021. He was in jail at the time. DW's mother stated that she felt powerless because defendant was released from jail the following day.

As a result, evidence related to domestic violence perpetrated by defendant was relevant to show when and why the abuse ceased, DW's fear of defendant, and the timing of defendant's absence and presence in the home. On appeal, defendant argues that DW's reasons for delaying her disclosure were not relevant because the defense did not argue that she should not be believed for that reason. However, Michigan courts allow expert testimony concerning "typical symptoms of child sexual abuse for the sole purpose of explaining a victim's specific behavior that might be incorrectly construed by the jury as inconsistent with that of an abuse victim or to rebut an attack on the victim's credibility." *People v Peterson*, 450 Mich 349, 373; 537 NW2d 857 (1995). Therefore, DW's testimony about why she was afraid to tell anyone about the abuse was permissible absent a specific attack by the defense.

Further, the evidence related to domestic violence was not overly prejudicial. Aside from DW stating that defendant attempted to stab her mother in one incident and DW's mother making a vague reference to "felonious assault," the witnesses did not specifically describe any of the instances of domestic violence. Rather, the testimony showed generally that domestic violence occurred in the household and that violence affected members of the household in ways relevant to the instant case. Accordingly, the trial court did not abuse its discretion by allowing testimony concerning domestic violence. *See Vandervliet*, 444 Mich at 74.

17

Finally, the trial court provided the jury with the following jury instructions:

> The prosecution has introduced evidence of claimed acts of sexual misconduct by the defendant with a minor for which he is not on trial.
>
> Before you may consider such alleged acts as alleged against the defendant, you must first find the defendant actually committed those acts. If you find the defendant did commit those acts, you may consider them in deciding if the defendant committed the offenses for which he is now on trial. You must not convict the defendant here solely because you think he's guilty of other bad conduct. The evidence must convince you— must convince you beyond a reasonable doubt that the defendant committed the alleged crime, or you must find him not guilty.
>
> The prosecution has introduced evidence of claimed acts of domestic violence by the defendant against [DW's mother]. He is not on trial for domestic violence. Before you may consider such allegations as evidence against the defendant, you must first find that the defendant actually committed those acts.
>
> If you find that the defendant did commit acts of domestic violence against [DW's mother], you may only consider them for the limited purpose as to what bearing the evidence may have in explaining why [DW] may not have disclosed the alleged sexual assaults at the time or shortly after they happened.
>
> You must [not] convict the defendant here because you think he committed acts of domestic violence or because you conclude that he is a bad person. The evidence must convince you beyond a reasonable doubt that the defendant committed the alleged crime for which he is now on trial or you must find him not guilty.

> "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Chapo*, 282 Mich App 360, 370; 770 NW2d 68 (2009); *see also Weeks v Angelone*, 528 US 225, 234; 120 S Ct 727; 145 L Ed 2d 727 (2000). As a result, defendant has not shown that admission of testimony concerning sexual misconduct involving CH or domestic violence constituted error requiring reversal.

*Reece*, 2023 WL 8663662 at *3-5 (text corrected, footnote omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Again, to the extent that Petitioner alleges a violation of Michigan evidentiary rules, he is not entitled to relief. *See* discussion *supra*. Petitioner fails to state a claim upon which habeas relief may be granted as to any perceived state law error.

Petitioner also fails to establish that the admission of the domestic violence evidence violated due process. As previously discussed, the Supreme Court has not ruled that "other acts" evidence is so extremely unfair that its admission violates due process. Consequently, Petitioner fails to state a claim upon which habeas relief may be granted as to this issue. *See* discussion *supra*.

Additionally, even if Petitioner states a viable claim, he fails to show that the admission of the evidence rendered his trial fundamentally unfair. The domestic violence evidence was relevant and admissible to explain the parties' homelife, the timeline of the sexual abuse, the victim's fear of Petitioner, and her delay in reporting the sexual abuse. It was not admitted for an improper purpose.

19

Moreover, the risk of unfair prejudice was mitigated by the fact that the trial court instructed the jury on the proper consideration of the evidence. Jurors are presumed to follow a trial court's instructions. *See Penry v. Johnson*, 532 U.S. 782, 799 (2001) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)); *United States v. Powell*, 469 U.S. 57, 66 (1984) ("Jurors ... take an oath to follow the law as charged, and they are expected to follow it."). Petitioner fails to establish a violation of his constitutional rights. Habeas relief is not warranted on this claim.

Lastly, Petitioner asserts that the trial court erred by admitting the victim's school essay. The Michigan Court of Appeals considered this claim on direct appeal and denied relief. The court explained:

> Defendant also asserts that DW's school essay—which was the catalyst to the criminal investigation—was inadmissible hearsay. We disagree that the trial court erred by admitting the essay.
>
> Hearsay is defined as "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). "Evidence that is properly authenticated may nonetheless be inadmissible hearsay if it contains out-of-court statements, written or oral, that are offered for the truth of the matter asserted and do not fall under any exception to the hearsay rule." *People v Smith*, 336 Mich App 79, 110; 969 NW2d 548 (2021) (quotation marks and citation omitted).
>
> In this case, the trial court ruled that the essay was not hearsay because it was not offered to prove that defendant sexually assaulted DW. Rather, the essay was admitted to explain why she waited so long to disclose. Evidence concerning the essay was relevant to explain how law enforcement became involved in the case. However, the actual contents of the essay had limited relevance because it was about DW's mother and her disclosure to her mother. In any event,

20

even if the essay amounted to inadmissible hearsay, it was cumulative to testimony provided by DW and her mother. Before reading the essay, DW testified about the sexual assaults and that she disclosed to her mother in the winter or spring of 2021, which was before she wrote the essay. DW's mother later testified that DW disclosed the abuse to her in January 2021. The defense did not object to this testimony or argue on appeal that it was improper. Therefore, the essay was cumulative to other evidence that was properly admitted. *See id*. at 116. Accordingly, even if the contents of the essay were improperly admitted, the erroneous admission was ultimately harmless. *See id*.

*Reese*, 2023 WL 8663662 at *5.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Again, to the extent that Petitioner alleges a violation of Michigan evidentiary rules, he is not entitled to relief. *See* discussion *supra*. Petitioner fails to state a claim upon which habeas relief may be granted as to any perceived state law error.

Petitioner also fails to establish a due process violation. The essay was relevant and admissible to explain the circumstances of how the sexual abuse was reported and brought to the attention of law enforcement. While the content of the essay may not have been necessary to achieve those purposes, its admission was not improper. The essay did not constitute hearsay because it was not admitted to prove the truth of the matters asserted in the essay. Moreover, even if it constituted hearsay under state evidentiary law, its admission did not render the trial fundamentally unfair because the essay was cumulative to the victim's testimony

and her mother's testimony. The defense had ample opportunity to cross-examine

the victim and her mother and contest their version of events. Petitioner fails to

establish a constitutional violation. Habeas relief is not warranted on this claim.

### B. Medical Records Claim

Petitioner also seems to assert that he is entitled to habeas relief because the

trial court erred by not ruling on the admissibility of the victim's medical records

(the only medical records claim presented to the Michigan Court of Appeals).

Respondent contends that this claim is abandoned, unexhausted, and/or

procedurally defaulted.

The Michigan Court of Appeals denied relief on this claim finding it to be

conclusory and abandoned. The court explained:

> Defendant also argues that the trial court erred by not allowing the admission of medical records that did not support the DW's allegations. We disagree that the court erred.
>
> The issue concerning medical records was briefly addressed with the other evidentiary issues before trial. The trial court agreed to review certain records to decide which records might be relevant. Other than to reiterate that the court was taking the matter under advisement, the issue was not ever mentioned on the record again.
>
> Defendant does not provide any further information concerning the medical records. Defendant does not identify which medical records should have been admitted or explain how the admission of those records would have resulted in a different outcome in this case. As a result, this claim is abandoned.
>
>> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up

> to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position .... [*People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001).]

> "Failure to brief a question on appeal is tantamount to abandoning it." *Id*. Accordingly, we decline to address this abandoned claim.

*Reece*, 2023 WL 8663662 at *5-6.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). The doctrine of procedural default applies when a state prisoner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is an "adequate and independent" ground for denying relief. *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *see also Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-264 (1989). The last explained state court ruling is used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-805 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on this claim.[1]  As discussed, the court ruled that the claim was abandoned. "Michigan's abandonment rule is an adequate and independent state-law basis for prohibiting federal review of a claim." *Theriot v. Vashaw*, 982 F.3d 999, 1005 (6th Cir. 2020). The Michigan Court of Appeals thus clearly relied upon a procedural default – Petitioner's abandonment of the claim due to his failure to adequately brief and support it – to deny relief on this claim.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *Gravley v. Mills*, 87 F.3d 779, 784-785 (6th Cir. 1996). To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must present a substantial reason to excuse

[1] The record indicates that Petitioner did not raise this claim in his appeal to the Michigan Supreme Court.   ECF No. 11-7. As such, the claim is also unexhausted. *See* **Error! Main Document Only.**O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); **Error! Main Document Only.**Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (claims must presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement). The Court may deny relief on this claim despite the lack of exhaustion. *See* **Error! Main Document Only.**28 U.S.C. § 2254(b)(2).

24

the default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988). Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available. *McCleskey v. Zant*, 499 U.S. 467, 493-494 (1991).

In this case, Petitioner neither alleges nor establishes cause to excuse this default. While he may argue that defense counsel was ineffective as cause, such an argument is unavailing. In order to establish cause to excuse a procedural default, such a claim of ineffective assistance of counsel must itself be exhausted in the state courts. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner has not done so. When a petitioner fails to establish cause to excuse a procedural default, the Court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, even if Petitioner could establish cause, he cannot establish prejudice (or that he is otherwise entitled to habeas relief) because the underlying claim lacks merit. Petitioner's claim concerning the victim's medical records is conclusory and unsupported. He fails to provide any evidence that such records were available, relevant, and/or admissible at trial. He also fails to show that any such records would have benefitted his defense or affected the outcome at trial. Conclusory allegations, without evidentiary support, are insufficient to warrant habeas relief. *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also*

*Wogenstahl v. Mitchell*, 668 F.3d 307, 335-336 (6th Cir. 2012) (citing *Workman* and denying habeas relief); *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review).[2]

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-480 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner makes no such showing. This claim is thus barred by procedural default, lacks merit, and does not warrant federal habeas relief.

---

[2] Petitioner has also arguably abandoned this claim on habeas review for the same reasons as on direct appeal and for not clearly raising or supporting it in his amended petition. Issues raised in a perfunctory manner are deemed abandoned. *See Mathis v. Colson*, 528 F. App'x 470, 479 (6th Cir. 2013) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997)); *see also Rose v. Warden Chillicothe Corr. Inst.*, No. 18-3997, 2019 WL 5260158, *4 (6th Cir. July 17, 2019).

## C.    Cumulative Error Claim

Lastly, Petitioner seems to assert that he is entitled to habeas relief based on the cumulative effect of the alleged evidentiary errors. Respondent contends that this claim lacks merit.

The Michigan Court of Appeals denied relief on this claim because the underlying claims lacked merit. The court explained:

> Finally, defendant argues that a combination of the evidentiary errors in this case seriously prejudiced him and denied him a fair trial.
>
> "The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted." *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007).
>
> Defendant has not established that the admission of any of the challenged evidence was in error. "Absent the establishment of errors, there can be no cumulative effect of errors meriting reversal." *Id*. Accordingly, defendant has not established that he was denied his right to a fair trial.

*Reece*, 2023 WL 8663662 at *6.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002); *see also Kissner v. Palmer*, 826 F.3d 898, 903-904 (6th Cir. 2016) ("the Supreme Court has not recognized

27

cumulative error as a basis for relief in non-capital cases"). Furthermore, the Sixth Circuit has ruled that such a cumulative error claim is not cognizable on habeas review. *See Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011) (citing *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005)); *see also Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012) (ruling that trial counsel cumulative error claim was not cognizable and citing *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010), and *Moore*). Petitioner thus fails to state a claim upon which relief may be granted as to this issue.

Nonetheless, even if the cumulative effect of trial errors could provide a basis for federal habeas relief, Petitioner cannot establish that he is entitled to such relief because the underlying evidentiary claims lack merit. Habeas relief is not warranted on this claim.

### D.     Stay and Abeyance Request

In his reply, Petitioner requests that the Court stay the proceedings and hold the amended petition in abeyance so that he can exhaust additional issues in the state courts. The Court, however, has given Petitioner multiple opportunities to return to the state courts to exhaust additional claims by dismissing his prior habeas petitions without prejudice (in his first habeas case and in this one), but he failed to do so. The Court has also previously denied a motion for stay and abeyance in this case. The Court finds no reason to reconsider that decision or to

28

grant such a request at this late stage of the proceedings. His request is therefore denied.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the amended habeas petition.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id*. Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

       **SO ORDERED**.

Dated: April 7, 2026                     <u>s/F. Kay Behm</u>
                                          F. Kay Behm
                                           United States District Judge